UNITED STATES OF AMERICA
DISTRICT COURT OF THE DISTRICT OF MASSACHUSETTS

```
_____
                                     )
LUCIA ENICA,                         )
     Plaintiff,                      )
                                     )
v.                                   )  Docket No. 04CV11468
                                     )
ANTHONY J. PRINCIPI as he is         )
SECRETARY OF VETERAN AFFAIRS OF THE  )
DEPARTMENT OF VETERAN AFFAIRS, and   )
THE DEPARTMENT OF VETERAN AFFAIRS    )
OF THE UNITED STATES,                )
     Defendants.                     )
_____)
```

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Anthony J. Prinicipi and the Department of Veteran Affairs of the United States ("Defendants"), respond to the Amended Complaint of Plaintiff Lucia Encia as follows:

**FIRST AFFIRMATIVE DEFENSE**

**PARTIES**

1. Defendants admit that Plaintiff is currently an employee of the Department of Veteran Affairs of the United States (the "VA") at its facilities located in Boston, Suffolk County, Massachusetts. However, to the extent that the Plaintiff refers to facts and time periods outside of her dates of employment with the VA, the Defendants deny those allegations. Defendants lack knowledge and information sufficient to form a belief as to the truth of this Paragraph's allegations concerning Plaintiff's residence and citizenship. To the extent a response is required, Defendants admit that the Plaintiff's mailing address as represented to the VA is 9 Birch Street, Belmont, Massachusetts. Defendants also admit that Plaintiff represented herself to the VA as a naturalized United States citizen. Defendants deny that the allegations contained in Paragraph 1 existed "at all time[s] [sp.] relevant."

2. Defendants admit that Anthony J. Principi is the Secretary of the VA. Defendants deny that Mr. Principi held this position "at all time[s] relevant" [sp.], and that the VA was the Plaintiff's employer "at all time[s] relevant." [sp.]

**JURISDICTIONAL STATEMENT**

The allegations contained in the Complaint's "Jurisdictional Statement" constitute an jurisdictional averments and conclusions of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

**ALLEGATIONS**

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint; however, Defendants admit that the VA hired Plaintiff in or about 1994 as a "Staff Nurse" and assigned her to the Psychiatric Ward at its West Roxbury campus. Defendants also admit that, after closing the Psychiatric Ward and transferring 23 of its employees, including the Plaintiff, to the Crisis Stabilization Unit in June 2002, the VA transferred Plaintiff to the position of "Triage Nurse" in the Telephone Advisory Program ("TAP") at its Jamaica Plain Campus in April 2003.

4. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint. To the extent a response is required, Defendants deny those allegations.

5. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint. To the extent a response is required, Defendants deny those allegations.

6. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint. To the extent a response is required, Defendants admit that when the VA hired Plaintiff in 1994, she represented that she had a bachelor's degree in nursing. Defendants also admit that Plaintiff represented to the VA that she obtained a Master's degree in Adult Psychiatry and Mental Health Nursing in 2003; received certifications from the American Nurses Credentialing Center for "Adult Psychiatric and Mental Health Nurse Practitioner" and "Clinical Specialist in Adult Psychiatric and Mental Health Nursing" in 2004; and received a certification from the Massachusetts Board of Registration in Nursing for "Psychiatric Mental Health Clinical Specialist" in 2004. Defendants deny the remaining allegations.

7. Defendants deny that Plaintiff's position with the VA is now, or ever was, that of "psychiatric nurse," "psychiatric clinical nurse specialist," or "psychiatric nurse practitioner." Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint as well.

8. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported pain suffered by Plaintiff when performing certain tasks, as described in Paragraph 8 of the Complaint. To the extent a response is required, Defendants deny those allegations. Defendants admit that on two separate occasions, in October 1995 and May 1996, Plaintiff's physician submitted notes to the VA, which speak for themselves. Defendants admit that in July 1996, Plaintiff met with Dr. John Harris, Chief of the VA's Orthopedic Section, to determine whether Plaintiff was physically capable of performing the essential job functions of a Staff Nurse. Dr. Harris's notes of his examination of the Plaintiff speak for themselves. Defendants deny that Dr. Harris's notes were delivered to Plaintiff's supervisors.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint; however, Defendants admit that, after discussing with Plaintiff the findings of her and the VA's physicians, the VA and the Plaintiff agreed that the Plaintiff would have to participate in psychiatric crisis intervention.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint; however, Defendants admit that Karen Bassett's position at the VA is Coordinator of Mental Health Nursing and Patient Care; Cecelia McVey's position at the VA is Associate Director of Nursing and Patient Care; Marry Farren's position at the VA is Nurse Manager; Denni Woodmansee's position at the VA is Director of the Worker Injury Program; William Warfield's position at the VA is Chief of Employee Relations in Human Resources; and Craig S. Polucha's former position at the VA was Chief of Human Resources Management Services.

11. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint. To the extent a response is required, Defendants deny those allegations.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint; however, Defendants admit that the VA closed the Psychiatric Ward at its Jamaica Plain campus and transferred 23 of its employees, including the Plaintiff, to the Crises Stabilization Unit at its West Roxbury campus in June 2002.  Defendants also admit that at the request of the VA, Plaintiff obtained an updated evaluation dated May 21, 2002, from her physician concerning her physical limitations, which speaks for itself.  Defendants admit that on June 28, 2002, the VA provided Plaintiff with a memorandum, including a document entitled "Scope of Practice for RNs in Crisis Stabilization Unit (Mental Health)," which speak for themselves and memorialized an understanding reached between the Plaintiff, Mr. Warfield, and Ms. McVey concerning accommodations Plaintiff purportedly needed in order to perform the essential functions of her job.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint; however, Defendants admit that Plaintiff's attorney sent a written correspondence to the VA on August 9, 2002, which speaks for itself.  Defendants also admit that Plaintiff filed a "formal" Complaint of Employment Discrimination on October 1, 2002.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint; however, Defendants admit that Plaintiff stopped working on September 3, 2002, and filed a worker's compensation claim with the VA on September 9, 2002, which speaks for itself.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint; however, Defendants admit that the VA denied her worker's compensation claim.

18. Defendants admit that on May 12, 2003, the Office of Workers' Compensation Programs of the Department of Labor reversed the District Office's January 26, 2003 denial of Plaintiff's worker's compensation claim and issued a written decision concerning its holding, which speaks for itself.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint; however, Defendants admit that, although Plaintiff did not meet the definition of a qualified disabled person, the VA in or around November 2002 nonetheless provided Plaintiff with a motorized scooter to help her move around the West Roxbury campus.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint; however, Defendants admit that on or about June 5, 2003, the VA published a vacancy notice at its Jamaica Plain campus for a nurse practitioner position, which it later withdrew and re-described and, subsequently, was filled by a physician.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint; however, Defendants admit that the VA issued its Final Agency Decision on March 11, 2004.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint; however, Defendants admit that by letter dated May 18, 2004, which speaks for itself, the VA explained to Plaintiff's counsel why Plaintiff did not receive the position of nurse practitioner, which it posted in June 2003, later withdrew and re-described and, subsequently, was filled by a physician.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit that the VA's Office of Resolution Management performed an investigation of Plaintiff's Complaint of Employment Discrimination, which she filed on October 1, 2002, and submitted an Investigation Report to the Regional EEO Officer, which it also delivered to all parties, on December 24, 2003, which speaks for itself.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

<u>COUNT I</u>
<u>HANDICAP DISCRIMINATION, AND/OR LACK OF REASONABLE ACCOMMODATION</u>
<u>29 U.S.C. § 791 AND/OR § 794</u>

29. Defendants hereby restate and incorporate by reference the responses to Paragraphs 1 through 28 above.

30. Defendants lack knowledge and information sufficient to form a belief as to the truth that Plaintiff's purported

conditions has impaired her "life functions." To the extent a response is required, Defendants deny those allegations. Defendants also deny that her "life functions" were impaired "at all time[s] [sp.] relevant." Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendants lack knowledge and information sufficient to form a belief as to the truth that Plaintiff's purported conditions are "permanent and progressive," has impaired her "life functions," and has existed from 1995 to the present. To the extent a response is required, Defendants deny those allegations. Defendants also deny the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint; however, Defendants admit that on May 12, 2003, the Office of Workers' Compensation Programs of the Department of Labor awarded Plaintiff worker's compensation.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

## COUNT II
## RETALIATION

36. Defendants hereby restate and incorporate by reference the responses to Paragraphs 1 through 35 above.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

Defendants also deny each and every allegation to the Complaint not heretofore admitted, denied, or otherwise responded to.

### ADDITIONAL AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff did not timely exhaust her administrative remedies.

3. Plaintiff's claims are barred to the extent that she fails to set forth a prima facie case of employment discrimination on the basis of handicap/disability.

4. Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-pretextual reasons.

5. Defendants have complied with all laws and regulations and otherwise satisfied their statutory obligations toward Plaintiff under the Rehabilitation Act.

6. Plaintiff waived or should be estopped from asserting some or all of the claims set forth in the Complaint.

7. Without conceding that the Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendants, the Plaintiff has failed to mitigate her damages.

8. Plaintiff is barred from raising a claim of handicap/disability discrimination because she is not a qualified handicap person.

9. Plaintiff is barred from raising a claim of handicap/disability discrimination because Defendants afforded her reasonable accommodation.

10. Plaintiff has waived, in whole or in part, a claim of handicap/disability discrimination because she refused to accept the reasonable accommodation offered by the Defendants.

11. Assuming that Plaintiff is handicapped/disabled, which Defendants deny, Plaintiff's claim of handicap/disability discrimination is barred because she could not perform the essential functions of the job, with or without reasonable

accommodation.

12. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

13. Plaintiff may not recover punitive damages against Defendants.

WHEREFORE, Defendants, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff takes nothing by reason of her Complaint; and that the Defendants be granted its cost and such further relief as the Court may deem just.

>                    Respectfully submitted,
>
>                    MICHAEL J. SULLIVAN
>                    United States Attorney
>
>               By:  /s/ Damian W. Wilmot
>                    DAMIAN W. WILMOT
>                    Assistant U.S. Attorney
>                    John Joseph Moakley Federal Courthouse
>                    One Courthouse Way, Suite 9200
>                    Boston, MA  02210
>                    (617) 748-3100

Dated: October 18, 2004

## CERTIFICATE OF SERVICE

I certify that on October 18, 2004, I caused a copy of the foregoing Answer to be served on Plaintiff's Attorney, Sanford Kowal, 56 Chestnut Hill Avenue, Boston MA 02135, by first class mail, postage pre-paid.

>                    /s/ Damian W. Wilmot
>                    DAMIAN W. WILMOT
>                    Assistant U.S. Attorney