UNITED STATES OF AMERICA
DISTRICT COURT FOR THE EASTERN DISTRICT OF MASSACHUSETTS

Docket No.
04CV 11468

| | |
|---|---|
| **Lucia Enica** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **Anthony J. Principi as he is** | ) |
| **Secretary of Veterans Affair** of the | ) |
| Department of Veteran Affairs, and | ) |
| The **Department of Veteran Affairs of** | **)** |
| **The United States** | ) |
| | ) |
| | ) |
| Defendants | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNT I OF THE COMPLAINT**

**UNDISPUTED FACTS**

A. The plaintiff is a single female employee of the Defendants who has worked at its facilities in the Boston area, (West Roxbury and Jamaica Plain) as a staff nurse with a bachelor's degree and most of the time since 1995, with a specialty in psychiatry. She has recently obtained licensure as a result with a Master's Degree from the University of

    Massachusetts at Lowell as a 'Nurse Counselor' and 'Nurse Practitioner' in Psychiatry.

B. This a claim in Count I, brought by a federal employee of the Department of Veteran Affairs, against her said employer for 'Handicap' Discrimination due to a 'Disability' pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C.A. 701 et seq. as amended including sections 791 and 794.

C. Pursuant to its authority in the matter of a claim for workers compensation under (Title 5, U.S. Code 8101 et. seq.) of the said plaintiff; employed by the defendants, the 'Department of Labor' in a matter appealed to it by the plaintiff from an adverse decision by the V.A., decided in favor of the plaintiff which is set forth below in said Decision (Exhibit 'A' to plaintiff's counsel's Affidavit) portions of which are set forth below and renumbered as follows: **(Reference is to original unnumbered paragraphs)**

"U.S. DEPARTMENT OF LABOR
Office of Workers' Compensation Programs

**DECISION OF THE HEARING REPRESENTATIVE**

In the matter of the claim for compensation under Title 5, (U.S. Code 8101 et. seq.) of Lucia Enica, Claimant; Employed by the
Department of Veterans Affairs in Boston, Massachusetts. Case No.012011872.

Merit consideration of the case file was completed on May 12, 2003. Based on this review, the decision of the District Office dated January 26, 2003 has been reversed for the reasons set forth below. (Ref: Intro)

The issue for determination is whether the claimant's condition is causally related to the work injury of September 9, 2002. (Ref: 1)

1. The plaintiff, born December 14, 1952, is employed as a Nurse for the Department of Veterans Affairs (hereafter described as the "Agency") in Boston, Massachusetts. On September 9, 2002, she filed timely notice a claim for worker's compensation due to a traumatic injury sustained on the same date as she felt leg and back pain after walking an excessive distance at work. The claimant stopped work on September 3, 2002. (Ref: 2)

2. The plaintiff had a pre-existing condition of severe end-stage osteoarthritis of the right knee, bony anklyosis and osteoarthritis to the right ankle; poliomyelitis with quadriceps palsy of the right leg, leg length inequality, and chronic degenerative disc disease with sciatica of the left leg. (Ref 3)

3. As a result Dr. Robert Provost her physician, recommended that she should not stand more than five minutes and limit walking. (Ref: 3)

4. Prior to the plaintiff filing her workers compensation claim, on June 28, 2002, the Agency indicated it would accommodate her need for restricted duty due to her pre-existing condition. (Ref: 4)

5. On September 9, 2002, Dr. Kenneth Krutt stated that the claimant had left hip bursitis due to excessive walking combined with her right leg issues. He noted the prior history of polio and right leg deformity. (Ref: 5)

6. On September 16, 2002, Dr. Provost noted the back pain resolved but the bursitis persisted. He indicated that situation would become worse with her continued job requirements. (Ref: 6)

7. On October 2, 2002, Dr. Provost described the claimant's transfer to another medical facility that required walking up to two and a half miles per day which aggravated her disability. He recommended transfer to another facility to eliminate the repetitive stress to the right lower extremity. (Ref: 7)

8. On October 21, 2002, the agency denied the request for a transfer to another facility but instead offered to provide the claimant with a scooter. (Ref 8)

9. On October 29, 2002, Dr. Provost released the claimant to return to work effective November 4, 2002. (Ref: 9)

11. As of May 3, 2003 the claimant used a scooter to ambulate from station to station. (Reference 8)

12. On January 26, 2003, the District Office denied the claim for the reason that it said the evidence failed to establish that the claimant's condition was causally related to her federal employment." (Ref: 11)

12. The claimant disagreed with the decision of the District Office, and appealed requesting an oral hearing before an OWCP representative. Upon such review, the decision of the District Office, dated January 26, 2003 was reversed by the hearing officer." (Ref: 12)

13. The 'hearing officer' found the applicable administrative law to apply to the plaintiff's claim to be as follows:

> "An award of compensation may not be based on surmise, conjecture, speculation or the claimant's belief of causal relationship. The claimant must present rationalized medical opinion evidence, based on a complete factual and medical background, showing causal relationship. The mere manifestation of a condition during a period of employment does not raise an inference of causal relationship between the condition and the employment. Neither the fact that the condition became apparent during a period of employment nor the claimant's belief that the employment caused or aggravated his (her) condition is sufficient to establish causal relationship. (Cited cases omitted) (Ref 13)
>
> The claimant has the burden of establishing by the weight of the reliable, probative and substantial evidence that her condition was caused or adversely affected by her employment. As part of this burden she must present rationalized medical opinion evidence, based on a complete factual and medical background, showing causal relation"(Cited Cases omitted)" Ref: 14)

14. The final decision of the Department of Labor therefore determined that the plaintiff had established that her excessive walking in her position at the Veteran's Administration resulted in or was causally related to a left hip condition as she claimed and found her pre-existing right leg condition made her more

susceptible to the left hip problem due to overcompensation as supported by Dr. Provost. (Ref: 19)

15. To support that decision and order for payment, The Hearing Examiner made the following additional findings of fact:

    a. "In the present case, the claimant cited excessive walking in her position as a nurse as being the cause of her back and leg pain. During **her attempt to seek accommodation from her employer**, the claimant submitted medical evidence from her physician, Dr. Provost, which noted her pre-existing conditions and recommended that she be placed in a position that did not require excessive standing or walking. **(Emphasis supplied) (Ref: 15)**

    b. The claimant filed her claim after walking excessively on September 9, 2002 while performing her duties. She sought treatment with Dr. Krutt who diagnoses bursitis of the left hip due to excessive walking in combination with the pre-existing right leg conditions. Dr. Krutt referred the claimant back to Dr. Provost whose reports provided the history of walking at work with pain in the back into the left hip. (Ref: 16)

    c. As of September 16, 2002, the back pain had resolved but the claimant continued with complaints in the left hip. Dr. Provost noted that since the claimant's significant right knee degeneration has created the problems with the left hip and continuing to work in the same environment will only worsen the situation. (Ref: 17)

    d. On October 2, 2002, Dr. Provost noted x-rays of the left hip which showed no osteoarthritis, yet again recommended that she avoid repetitive stress to the right lower extremity. (Ref: 18)

    e. (Dr. Provost) he released the plaintiff to return to work effective November 4, 2002, and the claimant reported that she now used a

5

>> scooter to ambulate in her position as a nurse." (Ref 18)

   16. The Department of Labor Hearing Officer entered the following orders:

   > a. "Upon return of the file to it, the District Office is ordered to accept the claim of the plaintiff for left hip bursitis and pay the appropriate entitled benefits." (Ref: 20)

   > b. Consistent with the above findings, the decision of the District Office dated January 26, 2003 is REVERSED and the case file returned for further action as described above." (Ref 21)

.

D. The said orders were not further appealed from the Hearing Officer, to the Secretary of Labor by the plaintiff or the defendants, but instead were complied with by the defendants. (Ref: Plaintiff's Attorney's Affidavit, par. 2)

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue is one that could be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case.  See: **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242, 248-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### ELEMENTS OF THE CLAIM

A. **Discrimination**:

Enica claims that the V.A. discriminated against her based on handicap in violation of § 504 and 501 of the Rehabilitation Act. Section 504 of the Rehabilitation Act provides in relevant part:

**"No otherwise qualified individual with handicaps in the United States ... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or * * * by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a) (1988)."**

As the Supreme Court explained in School Bd. of Nassau County v. Arline, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987), an "otherwise qualified" person in the employment context is one who is able to perform the essential functions of the job in question. See id. at 287 n. 17, 107 S.Ct. at 1130-31 n. 17 (citations omitted).

The Court qualified this definition by requiring "reasonable accommodation" on the part of the employer:

**"When a handicapped person is not able to perform the essential functions of the job, the court must also consider whether any "reasonable accommodation" by the employer would enable the handicapped person to perform those functions. Accommodation is not reasonable if it either imposes "undue financial and administrative burden" on a grantee, Southeastern Community College v. Davis, [442 U.S. 397, 412, 99 S.Ct. 2361, 2370, 60 L.Ed.2d 980 (1979) ], or requires a "fundamental alteration in the nature of [the] program," id. at 410[, 99 S.Ct. at 2369]. Arline, 480 U.S. at 487 n. 17, 107 S.Ct. at 1242-43 n. 17. See also Nelson v. Thornburgh, 567 F.Supp. 369, 379-82 (E.D.Pa.1983), aff'd without op., 732 F.2d 147 (3d Cir.1984). "**

The employer has the burden of proving inability to accommodate a handicapped employee and/or that accommodation would impose an undue hardship on the agency. **See Nathanson v. Medical College of Pennsylvania, 926 F.2d 1368, 1387 (3d Cir.1991); Prewitt v. United States Postal Service, 662 F.2d 292, 308 (5th Cir.1981).**

Section 501 of the Act, 29 U.S.C. § 791, which applies only to federal employers rather than to federal grantees generally,

7

goes beyond § 504's reasonable accommodation requirement by requiring federal employers to take affirmative action with respect to employment of the handicapped. Specifically, § 501(b) requires each agency to submit "an affirmative action program plan for the hiring, placement, and advancement of handicapped individuals" that describes "the extent to which and methods whereby the special needs of handicapped employees are being met." The plan is reviewed annually to determine that it provides "sufficient assurances, procedures and commitments to provide adequate hiring, placement, and advancement opportunities for handicapped individuals."

In the present motion, Enica contends that the V.A. failed to make reasonable accommodation to her handicap because: (1) the V.A. caused her to walk excessively in violation of medical limitations placed upon her by doctors, and (2) failed to provide her with a 'reasonable accommodation' such as a 'scooter', which would permit her to perform the 'essential functions' of her job as a staff nurse.

## AFFIRMATIVE COLLATERAL ESTOPPEL

### A. The Decision: Introduction

This motion seeks to apply the doctrine of 'affirmative collateral estoppel' to decide that the facts decided in the decision, also determine the liability of the V. A. for her claims for liability in Count I of the complaint in this case alleging violations of the Rehabilitation Act.

The Plaintiff says that the decision of the 'Department of Labor' in her workers compensation case described above, in sustaining her claimed workers compensation injury, also decided all of the necessary facts she needed to prove a violation of the

Rehabilitation Act by the V.A. **Affirmative Collateral Estoppels: Taylor v. Secretary of Navy** 852 F.Supp.343, (E.D.Pa.,1994. Violation of Rehabilitation Act. **Calero-Cerezo V. United States Department of Justice, et al, 355 F.3d 6, 15 A.D. Cases 129, 27 NDLR P 140 (2004). (herein after the 'Calero' decision)** Said decision also decided that for purposes of a federal employee suit under the Rehabilitation Act, definitions in the ADA also applied to the Rehabilitation act. and used them interchangeably) **Id.** 13.

**B. Disability.**

"The ADA defines "disability" as either (a) a physical or mental impairment which substantially limits one or more of an individual's major life activities; (b) a record of such impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(2); see also 29 C.F.R. § 1630.2(g). Here, plaintiff contends, under subsection (a), that she actually suffered a mental impairment that limited one or more of her major life activities.
If an employer, aware of an employee's disability, refuses to provide a requested reasonable accommodation, the employer violates the Rehabilitation Act, unless it can show that the proposed accommodation would pose an undue hardship for its business. See Higgins, 194 F.3d at 264. " Id 13.

[14] It is well established that the determination of whether a plaintiff has a disability must be made on a case-by-case basis. See Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); Sutton v. United Air Lines, Inc., 527 U.S. 471, 483, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). The analysis leading to this determination requires the court to consider the record in the light of three questions. First, did the plaintiff suffer a physical or mental impairment? Second, did the "life activity" limited by the impairment qualify as "major"? Finally, did the impairment, in fact, *substantially* limit the plaintiff's identified major life activity? See Bragdon v. Abbott, 524 U.S. 624, 630- 31, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). The burden is on the plaintiff to establish these three elements. See Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1167 (1st Cir.2002); Carroll, 294 F.3d at 238." Id. 14.

**C. Impairment of a Life Function.**

There is clear evidence in paragraphs 1-5 of the 'Decision' of the Department of Labor set out above, that Enica's physical impairments did "substantially" limit a major life activity i.e. her ability to walk and then by the failure to 'Accommodate,' her ability to work.

"The Supreme Court has assumed, without deciding, that working itself may be considered a major life activity for purposes of the ADA. Sutton, 527 U.S. at 492, 119 S.Ct. 2139. Likewise, this court has on occasion assumed *arguendo* that working might be deemed a major life activity under the Rehabilitation

Act. *See, e.g., Bailey, 306 F.3d at 1168 n. 5; Carroll, 294 F.3d at 239; Gelabert-Ladenheim v. American Airlines, Inc., 252 F.3d 54, 58 (1st Cir.2001)*. **Calero** at 21.

'Although the federal statutes do not explicitly define the phrase "substantially limits," in *Sutton* the Supreme Court instructed that the phrase "suggests 'considerable' or 'specified to a large degree.'" *Sutton, 527 U.S. at 491, 119 S.Ct. 2139*. Even so, "while substantial limitations should be considerable, they also should not be equated with 'utter inabilities.'" *Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 307 (3d Cir.1999)*. The Supreme Court has stated that "[w]hen significant limitations result from an impairment, the disability definition is met *22 even if the difficulties are not insurmountable." *Bragdon, 524 U.S. at 641, 118 S.Ct. 2196*. An impairment can substantially limit a major life activity, even though the plaintiff is still able to engage in the activity to some extent. *See Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 22 (1st Cir.2002)*. " **Calero** at 21,22.

### E. Failure to Accommodate.

"If an employer, aware of an employee's disability, refuses to provide a requested reasonable accommodation, the employer violates the Rehabilitation Act, unless it can show that the proposed accommodation would pose an undue hardship for its business. *See Higgins, 194 F.3d at 264*.

[24] Reasonable accommodations may include "job restructuring, part- time or modified work schedules, reassignment to a vacant position ... and other similar accommodations for individuals with disabilities." *42 U.S.C. § 12111(9)(B)*. A careful, individualized review of an accommodation request in light of the specific facts of the case is needed to determine whether the request was reasonable. *García-Ayala, 212 F.3d at 647*.

[25][26] To show that a proposed accommodation was reasonable, a plaintiff must prove "not only that the proposed accommodation would enable her to perform the essential functions of her job, but also that, at least on the face of things, it is feasible for the employer under the circumstances." *Reed v. LePage Bakeries, Inc., 244 F.3d 254, 259 (1st Cir.2001)*. The request for accommodation must be " 'sufficiently direct and specific,' giving notice that she needs a 'special accommodation.' " *Id. at 261* (quoting *Wynne v. Tufts Univ., 976 F.2d 791, 795 (1st Cir.1992)*). **Colera at 23.**

By said labor department decision and the application of the claimed doctrine, the plaintiff says that the 'Decision' also decided that such failure to accommodate, caused her injury and interference with her life activity i.e. 'to walk' and 'to 'work', in violation of the Rehabilitation Act. Said failure of accommodation was expressly found by the said Department of Labor's decision and that such failure of accommodation caused

the plaintiff physical injury. (See paragraph 15 (a) above among other things)

The decision also found the department corrected this failure of accommodation later, when the agency provided the plaintiff 'a scooter' to do her 'rounds' and thereby limit her 'excessive walking' on the job as required to accommodate her conditions. (See paragraph 11, 15 (e) above.)

As described in the decision, the employer was on notice of the necessity to limit the walking of the plaintiff among other activities due to her physical condition, and the need to provide such a 'reasonable accommodation' to permit her to do the 'essential' functions of her job as reported to it by competent medical opinion and warnings. (Decision paragraphs 2-8, 11)

When accommodated as the VA was required to do, and recovering from the 'bursitis' as described in the decision, she was able to perform the essential functions of her position. (paragraphs 10, 11)

**B. The Appearance of a Limitation:**

This was also a case where the decision described obvious physical limitations, which also gave the 'appearance' of a disability; and should have been accommodated even without the necessity of medical reports. (Among the injuries reported in paragraph two was 'leg inequality' from which one can infer that Enica limped at all times, and from the other conditions described would appear to have a handicap.

With one leg shorter than the other, her limp was obvious at all times.  (She should not have had to wait to ask for the accommodation, and receive it only after she was injured by an

exacerbation of her obvious condition, so bad that it caused a 'bursitis' to develop.)

### C. AFFIRMATIVE COLLATERAL ESTOPPEL APPLIED:

There is favorable precedent on similar facts involving a similar decision of the 'Department of Labor'. That decision applied the doctrine of 'affirmative collateral estoppel' (with mutuality as here) to findings of fact of the Department of Labor on a plaintiff's motion for summary judgment, seeking to prove violations of the Rehabilitation Act in regard to Disability Discrimination by workers compensation findings in a prior decision. **Taylor v. Secretary of Navy,** 852 F.Supp.343, (E.D.Pa., 1994)

This district court is permitted to apply affirmative collateral estoppel to a case according to the First Circuit Ct. of Appeals. The said Court recognized the doctrine of **Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329-31, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)** (internal citations and footnotes omitted) notwithstanding some logical problems. As the First Circuit Court has said:

**"The Supreme Court completed its break with traditional collateral estoppel doctrine in Parklane Hosiery by according district courts broad discretion to apply (even) non-mutual offensive collateral estoppel.. . . We have concluded that the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied". Luis A. ACEVEDO-GARCIA, et al., Plaintiffs, Appellees/Cross-Appellants, Roberto Vera MONROIG, et al 351 F.3d 547, 575  (1rst Cir. 2003). See also, Gonzalez Pina v. Rodriguez, 278 F.Supp.2d 195,203 (D. Puerto Rico, 2003) (This district court applied and explained the doctrine in this Circuit)**

When one is litigating this issue, 'Federal Common Law' is applicable. Inquiry in such circumstances is made by federal

courts to establish such doctrine, in both federal and state sources. **Gonzales Pina, Id**.

Prior workers compensation decisions of federal and state agencies have been determined to have issue preclusive effect. **Bath Ironworks v. Workers Comp.** 125 F. 3d 18 (1rst Cir. 1997), **Alba vs. Raytheon Co.,** 441 Mass. 836, 841-843 (2004), **Taylor**, Id.

The facts required to prove violation of the Rehabilitation Act in this case were actually proved, litigated and decided within the meaning of the doctrine, in the said Decision of the Labor Department in the plaintiff's Federal Worker Compensation case. (**See discussion above**)

It is well established that the "actually litigated" requirement does not require an evidentiary hearing or trial, but simply that the issue was subject to an adversary presentation and consequent judgment. **Jarosz v. Palmer, 436 Mass. 526, 766 N.E.2d 482, 488 (2002)**, **Bath Ironworks v. Workers Comp.** 125 F.3d 18,(1rst Cir. 1997,) **Gonzales Pina,** supra.

The decision determined the liability of the defendants for causing the plaintiff with a handicap that impaired life functions, to walk excessively at work after she sought an accommodation. It further found that such an accommodation was available to the employer (a scooter), which could have avoided her injury. These were the essential issues in the said case. **Palmer v. Radisson Hotel Int'l, 45 F.Supp. 2d 162, 167 (D.P.R.1999)** (Finding an issue is essential if it is logically or practically a necessary component of the decision reached in the prior litigation); see also **Jarosz, 766 N.E.2d at 489** (stating that the issue must only have a bearing on the outcome or determination of the case to be essential) **Alba vs. Raytheon Co.,**

441 Mass.836, 841-843 (2004)( Issue need not be the same or even the essential issue in the first case).

It is well established that the finality requirement for collateral estoppel does not necessitate a final judgment. **Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 521 N.E.2d 385, 387(1988)** ("A final judgment in the traditional sense is not essential to the applicability of issue preclusion"). Rather, it requires that the earlier adjudication is sufficiently firm to be accorded conclusive effect. **Tausevich, 521 N.E.2d at 387**. Id.;  see also **Jarosz, 766 N.E.2d at 489**. See also **American Casualty Co. of Reading, Pa. v. Sentry Fed. Savings Bank, 867 F.Supp. 50, 56 (D.Mass.1994)** (stating that finality for purposes of issue preclusion means little more than that the litigation of a particular issue has reached such a stage that the court sees no really good reason to permit it to be litigated again.)

In this case the statute governing the workers' compensation decision, (Title 5,U.S. Code 8101 et. seq.) declared that the final decision of a Worker's Compensation appeal is with the 'Secretary of Labor'. Neither party appealed the said Hearing Officer's decision to the Secretary. **Bath Ironworks, supra, Taylor, and Id.**

### D. CONCLUSION:

In sum, the 'Decision' of the 'Department of Labor' determined that the defendants, being aware of plaintiff's disability and of her request for accommodation, failed to make a reasonable response. Given that the decision contained findings that (1) that Enica did suffer from a disability within the meaning of the statute which interfered with life functions i.e. her ability to 'work' and/or 'walk' (2) that she was a qualified

individual who was able to perform the essential functions of her job with reasonable accommodation and (3) that her employer failed to reasonably accommodate her disability when on notice such that the plaintiff is entitled by the application of the doctrine of 'affirmative collateral estoppel' to the said decision of the Department of Labor in regard to her workers compensation benefits, to summary judgment of her Rehabilitation Act claim.

2. This Court awards the plaintiff Partial Summary Judgment as to Count I on the issue of liability.

                                        The Plaintiff,
                                        By her Attorney,

                                        /s/Sanford A. Kowal

                                        Sanford A. Kowal
                                        BBO No. 278420
                                        56 Chestnut Hill Avenue
                                        Boston, Ma. 02135
                                        617 562 8100
                                        e mail: SANKOW@MSN.com