**EXHIBIT "A"**

Case 1:04-cv-11468-DPW   Document 14   Filed 12/19/2005   Page 1 of 5

U.S. DEPARTMENT OF LABOR
Office of Workers' Compensation Programs

DECISION OF THE HEARING REPRESENTATIVE

*In the matter of the claim for compensation under Title 5, U.S. Code 8101 et. seq. of Lucia Enica, Claimant; Employed by the Department of Veterans Affairs in Boston, Massachusetts. Case No. 012011872.*

*Merit consideration of the case file was completed on May 12, 2003. Based on this review, the decision of the District Office dated January 26, 2003 has been reversed for the reasons set forth below.*

The issue for determination is whether the claimant's condition is causally related to the work injury of September 9, 2002.

The claimant, born December 14, 1952, is employed as a Nurse for the Department of Veterans Affairs in Boston, Massachusetts. On September 9, 2002, she filed timely notice of a traumatic injury sustained on the same date as she felt leg and back pain after walking an excessive distance at work. The claimant stopped work on September 3, 2002.

The claimant has a pre-existing condition of severe end-stage osteoarthritis of the right knee, bony anklyosis and osteoarthritis to the right ankle; poliomyelitis with quadriceps palay of the right leg, leg length inequality, and chronic degenerative disc disease with sciatica of the left leg. Dr. Robert Provost recommended that she should not stand more than five minutes and limit walking.

Prior to filing the claim, on June 28, 2002, the agency indicated it would accommodate her need for restricted duty due to her pre-existing condition.

On September 9, 2002, Dr. Kenneth Krutt stated that the claimant has left hip bursitis due to excessive walking combined with her right leg issues. He noted the prior history of polio and right leg deformity.

On September 16, 2002, Dr. Provost noted the back pain resolved but the bursitis persisted. He indicated that the situation would become worse with her continued job requirements.

On October 2, 2002, Dr. Provost described the claimant's transfer to another medical facility that required walking up to two and a half miles per day which aggravated her disability. He recommended transfer to another facility to eliminate the repetitive stress to the right lower extremity.

On October 21, 2002, the agency denied the request for a transfer to another facility but instead offered to provide the claimant with a scooter. The claimant currently uses a scooter to ambulate from station to station.

On October 29, 2002, Dr. Provost released the claimant to return to work effective November 4, 2002.

By letter dated November 2, 2002, the Office requested additional factual and medical evidence from the claimant.

On January 26, 2003, the Office denied the claim for the reason that the evidence failed to establish that the claimant's condition was causally related to her federal employment.

The claimant disagreed with the decision and requested an oral hearing before an OWCP representative. I find that this case is not in posture for a hearing. Based on my review of the file, the decision of the District Office dated January 26, 2003 should be reversed.

An award of compensation may not be based on surmise, conjecture, speculation or the claimant's belief of causal relationship.[1] The claimant must present rationalized medical opinion evidence, based on a complete factual and medical background, showing causal relationship.[2] The mere manifestation of a condition during a period of employment does not raise an inference of causal relationship between the condition and the employment.[3] Neither the fact that the condition became apparent during a period of employment nor the claimant's belief that the employment caused or

---

[1] *William Nimitz, Jr.*, 30 ECAB 567, 570 (1970); *Miriam L. Jackson Gholikely*, 5 ECAB 537, 538-39 (1953).
[2] *Mary J. Briggs*, 37 ECAB 578, 581 (1986); *Joseph T. Gulla*, 36 ECAB 516, 519 (1985).
[3] *Edward E. Olson*, 35 ECAB 1099, 1103 (1984).

aggravated his condition is sufficient to establish causal relationship.[4]

The claimant has the burden of establishing by the weight of the reliable, probative and substantial evidence that her condition was caused or adversely affected by her employment. As part of this burden she must present rationalized medical opinion evidence, based on a complete factual and medical background, showing causal relation.[5]

In the present case, the claimant cited excessive walking in her position as a nurse as being the cause of her back and leg pain. During her attempt to seek accommodation from her employer, the claimant submitted medical evidence from her physician, Dr. Provost, which noted her pre-existing conditions and recommended that she be placed in a position that did not require excessive standing or walking.

The claimant filed her claim after walking excessively on September 9, 2002 while performing her duties. She sought treatment with Dr. Krutt who diagnoses bursitis of the left hip due to excessive walking in combination with the pre-existing right leg conditions. Dr. Krutt referred the claimant back to Dr. Provost whose reports provided the history of walking at work with pain in the back into the left hip.

As of September 16, 2002, the back pain had resolved but the claimant continued with complaints in the left hip. Dr. Provost noted that since the claimant's significant right knee degeneration has created the problems with the left hip and continuing to work in the same environment will only worsen the situation.

On October 2, 2002, Dr. Provost noted x-rays of the left hip which showed no osteoarthritis, yet he again recommended that she avoid repetitive stress to the right lower extremity. He released her to return to work effective November 4, 2002, and the claimant reports that she now uses a scooter to ambulate in her position as a nurse.

In light of the above, I find that the claimant has established that her excessive walking in her position resulted in a left hip condition. Her pre-existing right leg condition made her

---

[4] *Bruce E. Martin*, 35 ECAB 1090, 1093 (1984); *Dorothy P. Goad*, 5 ECAB 192, 193 (1952).
[5] *Arlonia B. Taylor*, 44 ECAB 591 (1993).

more susceptible to the left hip problem due to overcompensation as supported by Dr. Provost.

Upon return of the file, the Office should accept the claim for left hip bursitis and pay the appropriate entitled benefits.[6]

Consistent with the above findings, the decision of the District Office dated January 26, 2003 is REVERSED and the case file returned for further action as described above.

DATED: MAY 12 2003
WASHINGTON, D.C.

CHRISTINA STARK
Hearing Representative
     For
Director, Office of Workers' Compensation Programs

---

[6] As the evidence of record did not diagnose a low back condition, and the claimant's low back pain resolved as of her September 16, 2002 medical appointment, the low back condition is not accepted. Should the claimant wish to purse the low back condition, she would need to submit medical evidence which includes a history of injury, findings on low back examination, diagnosis, and physician's opinion on the causal relationship between the low back condition and her federal employment. The Office may then consider updating the accepted condition.