UNITED STATES OF AMERICA
DISTRICT COURT FOR THE EASTERN DISTRICT OF MASSACHUSETTS

Docket No.
04CV 11468

| | |
|---|---|
| **Lucia Enica** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| **Anthony J. Principi as he is** | ) |
| **Secretary of Veterans Affair** of the | ) |
| Department of Veteran Affairs, and | ) |
| The **Department of Veteran Affairs of** | ) |
| **The United States** | ) |
| | ) |
| Defendants | ) |

**OPPOSITION IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNT I OF THE COMPLAINT & IN OPPOSITION TO DEFENDANTS' CROSS-MOTION
FOR SUMMARY JUDGMENT AS TO COUNTS I AND II.**

I. THE PLAINTIFF'S CLAIM FOR SUMMARY JUDGMENT AS TO COUNT I BY COLLATERAL ESTOPPEL, SHOULD BE ALLOWED

A. **THERE ARE NO FACTUAL DISPUTES:** The application of affirmative collateral estoppel to Count I of the complaint is based only on the contents of the Decision of the Department of Labor deciding the claim for workers compensation in favor of the

plaintiff. The V.A. does not in any manner contest the contents of the decision as the sole facts to be considered.

B. **THE LAW PERMITS AFFIRMATIVE COLLATERAL ESTOPPEL TO BE APPLIED IN THE FIRST CIRCUIT**

1.**Authority**: In seeking the authority to apply affirmative collateral estoppel in the First Circuit, to the decisions of the workers compensation appeal-hearing officer, the plaintiff did not rely on the decisions cited by the defendant in p. 17-19 of its brief, but rather on the following definitive decisions in this circuit as follows:

"This district court is permitted to apply affirmative collateral estoppel to a case according to the First Circuit Ct. of Appeals. The said Court recognized the doctrine of **Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329-31, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)** (internal citations and footnotes omitted) notwithstanding some logical problems. As the First Circuit Court has said:

> "**The Supreme Court completed its break with traditional collateral estoppel doctrine in Parklane Hosiery by according district courts broad discretion to apply (even) non-mutual offensive collateral estoppel.. . . We have concluded that the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied". Luis A. ACEVEDO-GARCIA, et al., Plaintiffs, Appellees/Cross-Appellants, Roberto Vera MONROIG, et al 351 F.3d 547, 575  (1rst Cir. 2003). See also, Gonzalez Pina v. Rodriguez, 278 F.Supp.2d 195,203 (D. Puerto Rico, 2003) (This district court applied and explained the doctrine in this Circuit)**

When one is litigating this issue, 'Federal Common Law' is applicable. Inquiry in such circumstances is made by federal courts to establish such doctrine, in both federal and state sources. **Gonzales Pina, Id**.

Prior workers compensation decisions of federal and state agencies have been determined to have issue preclusive effect. **Bath Ironworks Corporation v. Director of Workers Compensation Programs, U.S. Department of Labor,(sic))**125 F. 3d 18 (1rst Cir. 1997),(sic) Alba vs. Raytheon Co., 441 Mass. 836, 841-843 (2004), Taylor, Id.' (Plaintiff's Brief  p.  )

Nowhere in its brief does the V.A. contest the above authority or case law as being applicable as described. It is true that in **Bath Ironworks, supra** the Circuit Court upheld the defensive use of a state worker compensation decision, to reverse a different subsequent similar, but not identical, federal workers compensation claim at the same 'Department of Labor'. There appears to be no legal or logical difference to the application of the doctrine when using a prior federal workers compensation claim to determine similar facts between the same parties in a subsequent federal discrimination claim, nor is there any case law or is there any logic in saying there is any difference in using the doctrine in this regard, affirmatively or defensively.

The cases relied on by the plaintiff and discussed by the V.A. were for a different purpose than to be the authority for affirmative collateral estoppel. These cases discussed by the V.A. on p. 17-18 of their brief were meant to show the similarity between the factual elements proved in the workers compensation case and the factual elements needed to prove this discrimination case. As set forth in the plaintiff's brief:

3

"The Plaintiff says that the decision of the 'Department of Labor' in her workers compensation case described above, in sustaining her claimed workers compensation injury, also decided all of the necessary facts she needed to prove a violation of the Rehabilitation Act by the V.A. **Taylor v. Secretary of Navy** **852 F.Supp.343, (E.D.Pa.,1994)**. Violation of Rehabilitation Act. **Calero-Cerezo V. United States Department of Justice**, et al, **355 F.3d 6, 15 A.D. Cases 129, 27 NDLR P 140 (2004). (herein after the 'Calero' decision)** Said decision also decided that for purposes of a federal employee suit under the Rehabilitation Act, definitions in the ADA also applied to the Rehabilitation act. and used them interchangeably) **Id.** 13. (Plaintiff's Brief P.   )

**2. The Doctrine Applies to Workers Compensation Decisions:**

The doctrine cited has much more limited application to distinguish the nature of the decisions of adjudicators to whom collateral estoppel applies since **Parklane**, supra, rather than earlier decisions cited by the V. A., in its brief which were, distinguished on their facts and logic in this Circuit in **Bath Iron Works, supra.**

In addition to decisions of administrative adjudicators, the doctrine of issue preclusion is applied by federal courts generally, to enforce the prior decisions of arbitrators, a process where no 'burden of proof' is enunciated and lawyers are not required. **Pujoi v. Shearson/American Express, Inc., 829 F. 2d 1201, 1206-1207, (1st Cir.1987).**

However in this case the Workers Compensation Adjudicator made clear that she was applying **the same burden of proof** as would be required in this court to decide the discrimination

4

case. She also cited administrative case law, to support her enunciation of the burden of proof. As she said:

> "**The claimant has the burden of establishing by the weight of the reliable, probative and substantial evidence that her condition was caused or adversely affected by her employment. As part of this burden she must present rationalized medical opinion evidence, based on a complete factual and medical background, showing causal relation**"(Cited Administrative Cases omitted)" Ref: 14)"

These facts are in accord with the analysis made by this circuit court it sustained the application of the doctrine from a state workers compensation claim from Maine in this regard. **Bath Ironworks v. Workers Comp.,** 125 F.3d 18, 22 (1rst Cir. 1997)

As to the difference in substantive standards argued by the defendant as barring the application of the doctrine, this circuit **limits** the application of such a difference in standards to situations to "**only where the difference undermines the logic of the doctrine**." (**Bath Iron Works at 22)**. This is not such a case on its facts. Exactly those facts which caused the 'bursitis' and its effects, were the facts of 'discrimination' as determined by the hearing officer and required to be proved under the rehabilitation statute in regard to the same parties.

All requirements for the application of collateral estoppel in these regards therefore are met in this case by the prior adjudication and it should be applied in this case.

**3. The essential issues of the discrimination claim were litigated and decided by the workers compensation decision.**

In the present motion for the application of collateral esttopel, Enica contends that the V.A. failed to make reasonable accommodation to her handicap because: (1) the V.A. caused her to walk excessively in violation of medical limitations placed upon her by doctors, and (2) failed to provide her with a 'reasonable accommodation' such as a 'scooter', which would permit her to perform the 'essential functions' of her job as a staff nurse prior to her injury.

The discussion in the plaintiff's brief in support of her motion, and the citations and examination of cases in that brief indicated the facts, level of proof and determinations by the prior adjudicator of the necessary elements for proof of the violation of the discrimination law for purposes of collateral esttopel in this Circuit. This proof by prior adjudication is to eliminate the need for the same parties to adjudicate the same facts again at trial, as argued in section III C of the defendant's Brief. (p.23)

**II. OPPOSITION TO CROSS MOTION FOR SUMMARY JUDGMENT AS TO COUNT I**

A. **Introduction:** If the court does not find the doctrine argued above applicable, the plaintiff says that there is sufficient evidence in the record to create **an issue of fact** as to whether

6

or not the defendant violated the Rehabilitation Act as to her. **Calero-Cerezo V. United States Department of Justice**, et al, 355 F.3d 6, (2004). (herein after the 'Calero' decision).

**B. Facts:** The plaintiff submits the following additional facts in support of her opposition as follows:

1. At a meeting with the VA June 28, 2002, in accordance with her doctor's reports and medical limitations the plaintiff requested accommodation in her new job at West Roxbury, that included her inability to walk excessively. The memo from the meeting failed to include the walking limitation although it was supposedly conveyed to her orally. (See Defendant's Statement of Facts par. 29-31 ( hereinafter D. St of F.)

2. Notwithstanding her request to limit walking the plaintiff was assigned walking rounds, and was unable to do her walking rounds because of leg and back pain. (D. St of F., par. 34)

3. on September 9, 2002 the plaintiff filed a workers compensation claim from a bursitis she claimed occurred at work because of excessive walking. The Department of Labor upon appeal found tha the injury was caused by excessive walking on the job and awarded benefits.(D. St. of F. par. 45, 47)

4. Pursuant to its authority in the matter of a claim for workers compensation under (Title 5, U.S. Code 8101 et. seq.) of the said plaintiff; employed by the defendants, the 'Department of Labor' in a matter appealed to it by the plaintiff from an adverse decision by the V.A., decided in favor of the plaintiff which is set forth below in said Decision (Exhibit 'A' to plaintiff's counsel's Affidavit and an exhibit to 47 of the Defendant's) portions of which are

set forth below and renumbered as follows: **(Reference is to original unnumbered paragraphs**)

"U.S. DEPARTMENT OF LABOR
Office of Workers' Compensation Programs

**DECISION OF THE HEARING REPRESENTATIVE**

In the matter of the claim for compensation under Title 5, (U.S. Code 8101 et. seq.) of Lucia Enica, Claimant; Employed by the
Department of Veterans Affairs in Boston, Massachusetts. Case No.012011872.

Merit consideration of the case file was completed on May 12, 2003. Based on this review, the decision of the District Office dated January 26, 2003 has been reversed for the reasons set forth below. (Ref: Intro)

The issue for determination is whether the claimant's condition is causally related to the work injury of September 9, 2002. (Ref: 1)

1. The plaintiff, born December 14, 1952, is employed as a Nurse for the Department of Veterans Affairs (hereafter described as the "Agency") in Boston, Massachusetts. On September 9, 2002, she filed timely notice a claim for worker's compensation due to a traumatic injury sustained on the same date as she felt leg and back pain after walking an excessive distance at work. The claimant stopped work on September 3, 2002. (Ref: 2)

2. The plaintiff had a pre—existing condition of severe end-stage osteoarthritis of the right knee, bony anklyosis and osteoarthritis to the right ankle; poliomyelitis with quadriceps palsy of the right leg, leg length inequality, **and** chronic degenerative disc disease with sciatica of the left leg. (Ref 3)

3. As a result Dr. Robert Provost her physician, recommended that she should not stand more than five minutes and limit walking. (Ref: 3)

4. Prior to the plaintiff filing her workers compensation claim, on June 28, 2002, the Agency indicated it would accommodate her need for restricted duty due to her pre-existing condition. (Ref: 4)