during a period of employment nor the claimant's belief that the employment caused or aggravated his (her) condition is sufficient to establish causal relationship. (Cited cases omitted) (Ref 13)

The claimant has the burden of establishing by the weight of the reliable, probative and substantial evidence that her condition was caused or adversely affected by her employment. As part of this burden she must present rationalized medical opinion evidence, based on a complete factual and medical background, showing causal relation"(Cited Cases omitted)" Ref: 14)

14. The final decision of the Department of Labor therefore determined that the plaintiff had established that her excessive walking in her position at the Veteran's Administration resulted in or was causally related to a left hip condition as she claimed and found her pre-existing right leg condition made her more susceptible to the left hip problem due to overcompensation as supported by Dr. Provost. (Ref: 19)

15. To support that decision and order for payment, The Hearing Examiner made the following additional findings of fact:

    a. "In the present case, the claimant cited excessive walking in her position as a nurse as being the cause of her back and leg pain. During **her attempt to seek accommodation from her employer**, the claimant submitted medical evidence from her physician, Dr. Provost, which noted her pre-existing conditions and recommended that she be placed in a position that did not require excessive standing or walking. **(Emphasis supplied) (Ref: 15)**

    b. The claimant filed her claim after walking excessively on September 9, 2002 while performing her duties. She sought treatment with Dr. Krutt who diagnoses bursitis of the left hip due to excessive walking in combination with the pre-existing right leg conditions. Dr. Krutt referred the claimant back to Dr. Provost whose reports provided the

10

        history of walking at work with pain in the back into the left hip. (Ref: 16)

    c. As of September 16, 2002, the back pain had resolved but the claimant continued with complaints in the left hip. Dr. Provost noted that since the claimant's significant right knee degeneration has created the problems with the left hip and continuing to work in the same environment will only worsen the situation. (Ref: 17)

    d. On October 2, 2002, Dr. Provost noted x-rays of the left hip which showed no osteoarthritis, yet again recommended that she avoid repetitive stress to the right lower extremity. (Ref: 18)

    e. (Dr. Provost) he released the plaintiff to return to work effective November 4, 2002, and the claimant reported that she now used a scooter to ambulate in her position as a nurse." (Ref 18)

16. The Department of Labor Hearing Officer entered the following orders:

    a. "Upon return of the file to it, the District Office is ordered to accept the claim of the plaintiff for left hip bursitis and pay the appropriate entitled benefits." (Ref: 20)

    b. Consistent with the above findings, the decision of the District Office dated January 26, 2003 is REVERSED and the case file returned for further action as described above." (Ref 21)

A. The said orders were not further appealed from the Hearing Officer, to the Secretary of Labor by the plaintiff or the defendants, but instead were complied with by the defendants. (Ref: Plaintiff's Attorney's Affidavit, par. 2)

11

**ELEMENTS OF THE CLAIM**

A. **Discrimination**:

Enica claims that the V.A. discriminated against her based on handicap in violation of § 504 and 501 of the Rehabilitation Act. Section 504 of the Rehabilitation Act provides in relevant part:

"**No otherwise qualified individual with handicaps in the United States ... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or * * * by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a) (1988).**"

As the Supreme Court explained in School Bd. of Nassau County v. Arline, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987), an "otherwise qualified" person in the employment context is one who is able to perform the essential functions of the job in question. See id. at 287 n. 17, 107 S.Ct. at 1130-31 n. 17 (citations omitted).

The Court qualified this definition by requiring "reasonable accommodation" on the part of the employer:

"**When a handicapped person is not able to perform the essential functions of the job, the court must also consider whether any "reasonable accommodation" by the employer would enable the handicapped person to perform those functions. Accommodation is not reasonable if it either imposes "undue financial and administrative burden" on a grantee, Southeastern Community College v. Davis, [442 U.S. 397, 412, 99 S.Ct. 2361, 2370, 60 L.Ed.2d 980 (1979) ], or requires a "fundamental alteration in the nature of [the] program," id. at 410[, 99 S.Ct. at 2369]. Arline, 480 U.S. at 487 n. 17, 107 S.Ct. at 1242-43 n. 17. See also Nelson v. Thornburgh, 567 F.Supp. 369, 379-82 (E.D.Pa.1983), aff'd without op., 732 F.2d 147 (3d Cir.1984).** "

The employer has the burden of proving inability to accommodate a handicapped employee and/or that accommodation would impose an undue hardship on the agency. **See Nathanson v. Medical College of Pennsylvania, 926 F.2d 1368, 1387 (3d Cir.1991); Prewitt v. United**

12

**States Postal Service, 662 F.2d 292, 308 (5th Cir.1981)**.

Section 501 of the Act, 29 U.S.C. § 791, which applies only to federal employers rather than to federal grantees generally, goes beyond Â§ 504's reasonable accommodation requirement by requiring federal employers to take affirmative action with respect to employment of the handicapped. Specifically, Â§ 501(b) requires each agency to submit "an affirmative action program plan for the hiring, placement, and advancement of handicapped individuals" that describes "the extent to which and methods whereby the special needs of handicapped employees are being met." The plan is reviewed annually to determine that it provides "sufficient assurances, procedures and commitments to provide adequate hiring, placement, and advancement opportunities for handicapped individuals."

In the present motion, Enica contends that the V.A. failed to make reasonable accommodation to her handicap because: (1) the V.A. caused her to walk excessively in violation of medical limitations placed upon her by doctors, and (2) failed to provide her with a 'reasonable accommodation' such as a 'scooter', <u>before she was injured,</u> which would permit her to perform the 'essential functions' of her job as a staff nurse.

The plaintiff clearly with explicit authority, showed how the decision adjudicated each issue necessary to create an issue of fact as to the violation of the rehabilitation act in this matter to the extent necessary to deny the defendants' motions for summary judgment.

By said labor department decision and other facts set forth, the plaintiff says that the 'Decision' also decided that such failure to accommodate, caused her injury and interference with her life activity i.e. 'to walk' and 'to 'work', in violation of

13