```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                              )
LUCIA ENICA,                  )
                              )
     Plaintiff,               )
                              )    Docket No. 04CV11468-DPW
     v.                       )
                              )
ANTHONY J. PRINCIPI, Secretary)
of Veterans Affairs of the    )
Department of Veterans        )
Affairs,                      )
                              )
     Defendant.               )
                              )
_____)
```

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, Anthony J. Principi, the Secretary of the Department of Veteran Affairs, by his attorney, Michael J. Sullivan, the United States Attorney for the District of Massachusetts, hereby submits this Reply Memorandum in response to the Plaintiff's Opposition to Defendant's Cross-Motion for Summary Judgment. Plaintiff fails to raise genuine issues of material facts as to her failure to accommodate and retaliation claims and, therefore, the Court need only apply the law to the undisputed facts. Following such application, the United States requests that the Court find in its favor.

**A.   THERE ARE NO GENUINE ISSUES OF MATERIAL FACT IN DISPUTE**

Plaintiff, relying solely on the 2003 Department of Labor ("DOL") workers compensation decision in her favor, argues that the decision, by itself, establishes her failure to accommodate

claim.  She also emphasizes in her opposition to Defendant's cross-motion for summary judgment that Defendant does not contest the "contents of [DOL's] decision."  (Plaintiff's Opposition ("Opp.") at p. 2).

Defendant does not dispute the findings of the DOL's workers compensation decision.  It is important to note, however, that the DOL found <u>only</u> that Plaintiff's bursitis was causally linked to her "walking excessively" on September 9, 2002.  <u>See</u> Exhibit L to Defendant's Memorandum of Law in Opposition to the Plaintiff's Motion for Partial Summary Judgment and in Support of His Cross-Motion for Summary Judgment ("Defendant's Memo.").  The DOL did not find that the Department of Veteran Affairs ("VA") failed to accommodate the Plaintiff.  The mere fact that "excessive" walking caused Plaintiff to suffer an injury does not establish a failure to accommodate claim.

Plaintiff alternatively argues that, if the Court does not adopt the DOL's findings, genuine issues of material fact exist that warrant denial of the government's cross-motion for summary judgment.  In support of this argument, Plaintiff submits her own affidavit; but her affidavit fails to establish any genuine issue of material fact.  Indeed, although a plaintiff benefits from all reasonable inferences favorable to her, she "may not rest upon mere allegations; she must set forth *specific* facts demonstrating that there is a genuine issue for trial."  <u>Oliver v. Digital</u>

Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988) (emphasis added). Even in employment discrimination cases - where a plaintiff rarely can present direct, subjective evidence of an employer's actual motive - she cannot survive summary judgment with "unsupported allegations and speculations," but rather must "point to specific facts detailed in affidavits and depositions -- that is, names, dates, incidents, and supporting testimony -- giving rise to an inference of discriminatory animus." Lipsett v. Univ. of Puerto Rico, 864 F.2d 811, 895 (1st Cir. 1988).

Accordingly, Plaintiff's unsupported statement that, for example, "[her] supervisors noticed the problems [she] was having" cannot create a genuine issue of material fact as to her failure to accommodate claim.  At best, Plaintiff raises as an issue the range of permissible inferences the Court can make from the undisputed facts - which does not create an issue of material fact.  See, e.g., Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 28 (1st Cir. 2003).  The portion of Plaintiff's affidavit concerning her retaliation claim similarly is based entirely on unsupported allegations and speculation, all lacking in detail. Accordingly, there are no issues of disputed fact.

**B.    THE WORKERS' COMPENSATION DECISION DOES NOT BAR THE VA FROM LITIGATING PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM**

Plaintiff's opposition brief is confusing and difficult to decipher, but what the government can gather is that she claims that the district court (i) has the discretion to apply

affirmative collateral estoppel, and (ii) should do so in this case because the Court applied it previously in similar cases.[1] Even if the Court were to agree with the Plaintiff that a workers' compensation decision can collaterally estop parties from relitigating certain issues presented to the district court,[2] it is clear that the DOL did not conclude that the VA failed to accommodate the Plaintiff.  See Exhibit L to Defendant's Memo.  The DOL found only that Plaintiff's bursitis was a work-related injury for which she deserved workers' compensation benefits.  Id.  Accordingly, Plaintiff's motion for summary judgment, based solely on the DOL's workers' compensation decision, should be denied.

**C.   PLAINTIFF CANNOT PROVE HER FAILURE TO ACCOMMODATE CLAIM**

Although the Defendant identified three requests for accommodations made by Plaintiff, in her opposition to the VA's cross-motion, she focuses solely on one.  Specifically, Plaintiff contends that the VA failed to accommodate her purported

---

[1] Plaintiff's reliance on Bath Ironworks Corp. v. Dir., Office of Workers Compensation Programs, Dep't of Labor, 125 F.3d 27 (1st Cir. 2003), is misplaced.  Bath Ironworks Corp. concerned an administrative law judge's failure to deny an employee's second application for workers' compensation benefits stemming from a work-related injury for which he already received disability benefits.

[2] The government respectfully refers the Court to its Memorandum of Law in Opposition to the Plaintiff's Motion for Partial Summary Judgment and in Support of His Cross-Motion for Summary Judgment, which addresses the applicability of collateral estoppel to the instant case.

disability by (i) causing her to walk "excessively" on September 9, 2002, and (ii) failing to provide her with a reasonable accommodation on that date. (Plaintiff's Opp. at p. 13). In support of her argument, Plaintiff relies exclusively on the DOL's workers' compensation decision, asserting that the DOL found that the VA failed to accommodate her. Again, a simple review of the decision reveals that the DOL did not reach this conclusion. See Exhibit L to Defendant's Memo.

Furthermore, Plaintiff fails to address any of the VA's substantive arguments, or controvert the record evidence demonstrating that at all relevant times during her employment the VA worked to accommodate Plaintiff's physical limitations. Indeed, the undisputed record evidence shows that in or about May 2002, after Plaintiff objected to the VA transferring her to another facility on the grounds that she would not be able to walk long distances, the VA immediately engaged in an interactive process with Plaintiff to determine a reasonable accommodation. See Deposition of Lucia Enica Quelis Silva ("Enica Depo.") at p. 117, 122, attached to Memo as Exhibit A; Affidavit of Cecilia McVey ("McVey Aff.") at ¶ 11, attached to Memo as Exhibit B.

It is important to note that the accommodation Plaintiff sought at that time was that the VA not transfer her to the West Roxbury campus but, instead keep her at the Jamaica Plain campus. Encia Dep., p. 128; McVey Aff. at ¶ 9. It is undisputed that the

VA could not grant this request because no vacant nursing positions were available at the Jamaica Plain campus.  McVey Aff. at ¶ 9.

Plaintiff is careful not to argue that the VA failed to accommodate her by not creating a position for her at the Jamaica Plain campus.  Nor could she.  See, e.g., Phelps v. Optima Health, Inc., 251 F.3d 21, 27 (1st Cir. 2001) (employer is under no obligation to create a position that does not currently exist or terminate another employee to accommodate an employee); Bryant v. Caritas Norwood Hosp., 345 F.Supp.2d 155, 170 (D. Mass. 2004) (employee is not entitled to an accommodation of her choice). Instead, she argues that the VA failed to timely provide her with an accommodation, such as a scooter, to assist her in walking when she began working on the West Roxbury campus in or about September 2002.  (Plaintiff's Opp. at p. 13).  Plaintiff, however, glosses over the fact that after the parties engaged in the interactive process to discuss accommodations in June 2002, the parties agreed that Plaintiff would not have to participate in crisis intervention or walk "excessively," believing that these reasonable accommodations would allow Plaintiff to perform her job.  See Encia Dep., p. 129, 131, 144; McVey Aff. at ¶ 11. The fact that the parties apparently were wrong that these accommodations would allow Plaintiff to perform her job does not establish that the VA failed to accommodate her.  See Tobin v.

Liberty Mut. Ins. Co., 433 F.3d 100, 109 (1st Cir. 2005) (employer does not have unreasonable burden of raising and discussing every conceivable accommodation with disabled employee. "'Interactive process' is to be 'informal' and a means of uncovering 'potential reasonable accommodations' that could overcome the employee's disability."). It is also clear that once Plaintiff informed her employers that the agreed upon accommodations were not effective, the VA immediately re-engaged her in further discussions about physical restrictions and how the VA could accommodate them. McVey Aff. at ¶ 12-17. Indeed, after more discussions with Plaintiff about her physical restrictions and possible accommodations, the VA, with Plaintiff's approval, provided her with an electronic scooter, which successfully addressed her problems with walking. Enica Dep. at p. 144-146; McVey Aff. at ¶ 17. Accordingly, the Court should dismiss Count I.

**D.   PLAINTIFF'S RETALIATION CLAIM FAILS**

Plaintiff seems to surrender her claims that the VA retaliated against her by placing her on administrative leave on September 9, 2002, and December 30, 2002, and asking her to perform certain physical duties in late 2002. She contests only the VA's legitimate, non-discriminatory reasons for not selecting her for the Clinical Nurse Specialist position in 2003.

To defeat the VA's given reasons for its actions concerning

7

this position, Plaintiff moves to strike portions of William Warfield's affidavit on the ground that his statements concerning Dr. Robert McCarley's reasons for not filling the Clinical Nurse Specialist position are not based upon his own personal, direct knowledge. Even if the Court were to agree with Plaintiff that the disputed portions of William Warfield's affidavit does not comport with Federal Rule of Civil Procedure 56(e), summary judgment is still warranted. Indeed, the record evidence, the authenticity of which Plaintiff does not challenge, memorializes the fact that Dr. McCarley decided not to fill the Clinical Nurse Specialist vacancy because he determined that it was more economical for the VA to combine the funds available for the Clinical Nurse Specialist position with the funds available for another vacant position and hire a psychiatrist instead. See Exhibit P to Defendant's Memo. Indeed, Dr. McCarley calculated that this course of action would save the VA $39,000 a year. Id. The undisputed record evidence also shows that the VA followed this course of action and ultimately hired psychiatrist, Dr. Harriet Scheft. See Exhibit R to Defendant's Memo. Plaintiff's apparent concession to the authenticity of these documents, permits the Court to consider them for the purposes of the government's cross-motion. See, e.g., Baldwin v. Tessier, C.A. No. 05-10898-DPW, 2006 U.S. Dist. LEXIS 12535, at *3-4 (D. Mass. Mar. 22, 2006); see also 10A Wright, Miller & Kane, Federal

Practice and Procedure: Civil 3d, § 2722 (2005) ("As is true of other material introduced on a summary-judgment motion, uncertified or otherwise inadmissible documents may be considered by the court if not challenged. The objection must be timely or it will be deemed to have been waived.").

Plaintiff's statements that (1) she "[does] not believe" the VA's legitimate, non-discriminatory reason for not selecting her for the Clinical Nurse Specialist position, and (2) Dr. McCarley knew about her requests for accommodation, do not establish that the VA's reason is a pretext for discrimination. As a matter of law, Plaintiff's disbelief of the VA's legitimate, non-discriminatory reasons is insufficient to prove pretext for discrimination. See Mesnick v. Gen. Elec. Co., 950 F.2d 816, 824 (1st Cir. 1991). As stated previously, although she may disagree with the VA's logic in deciding not to fill the Clinical Nurse Specialist, "the courts may not sit as super personnel departments, assessing the merits - or even the rationality - of employers' nondiscriminatory business decisions." Id., at 825.

Furthermore, Plaintiff's unsupported contention that Dr. Robert McCarley was fully aware of her EEO complaint against the VA, at best helps Plaintiff prove her prima facie case (i.e., that there was some possibility of a causal connection between the employee's protected activity and the employer's adverse employment action). That allegation, by itself, however, is

insufficient to establish that the legitimate reasons the VA gave for not selecting her for a promotion are a pretext for discrimination.  See, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973); Mesnick, 950 F.2d at 824.  Accordingly, the VA is entitled to summary judgment on Plaintiff's retaliation claim.

**E.   CONCLUSION**

For the foregoing reasons, and those presented in the previously filed Memorandum of Law In Support of Motion for Summary Judgment, this Court should deny Plaintiff's Motion for Partial Summary Judgment, and, instead, enter summary judgment for the Defendant dismissing Plaintiff's Complaint in its entirety.

```
                              Respectfully submitted,

                              Michael J. Sullivan
                              United States Attorney

                         BY:   /s/ Damian W. Wilmot
                              DAMIAN W. WILMOT
                              Assistant U.S. Attorney
                              Moakley Federal Courthouse
                              One Courthouse Way, Suite 9200
                              Boston, MA 02110
Dated: April 12, 2006         (617) 748-3398
```

**CERTIFICATE OF SERVICE**

    I certify that on April 12, 2006, I caused a copy of the foregoing document to be served on Plaintiff's Attorney, Sanford Kowal, 56 Chestnut Hill Avenue, Boston MA 02135, by first class mail, postage pre-paid.

                                  /s/ Damian W. Wilmot
                                  DAMIAN W. WILMOT
                                  Assistant U.S. Attorney