**SANFORD A. KOWAL**
ATTORNEY AT LAW

56 CHESTNUT HILL AVENUE • BOSTON, MASSACHUSETTS 02135
TELEPHONE: 617 562 8100 • FAX:: 617 562 0066
E-MAIL: SANKOW@MSN.COM

August 09, 2002

FILED
IN CLERKS OFFICE

2006 MAY 25 P 2: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

Sharon O'Leary
EEO Specialist
Brockton Medical Facility
Department of Veteran Affairs
940 Belmont Street
Brockton, Ma.   02401

Re: <u>Reasonable Accommodation, Lucia Enica, EEOC violation, Mixed Case, Request for further Accommodation, Withdraw Transfer.</u>

Dear Ms. O' Leary:

   I represent Lucia Enica a Registered Nurse, recently transferred from Jamaica Plain to W. Roxbury under the circumstances described in the letter attached as Exhibit 'A'. (See attached my authority to represent, Ms. Enica as Exhibit 'B').

   She has been working at W. Roxbury in accordance with the letter's accommodations. It has not worked as a 'reasonable accommodation' since the accommodation ignored her doctor's restrictions on her walking rounds, (attached as Exhibit 'C') thereby now causing her increased continuing pain and risk of further disability as predicted. It also indicates that she was improperly transferred as she claimed previously.

   She does not know who is her present EEO counselor, and would appreciate you forwarding to me the name, address and telephone number. Would you also forward this claim to her EEO counselor.

   Ms. Enica increased pain and risk of further disability **<u>require immediate action</u>** to stop the long walks now required for her to do rounds if she is to remain at W. Roxbury.

   She would request that she be 1) **immediately** be permitted to be stationed at the outpatient mental health clinic at W. Roxbury, to cut down the distance of the walks as one accommodation, and something that will help reduce the pain and unlawful continued contribution to her disability. This can also be instituted as part of a 'Flexiplace' accommodation and scheduled accordingly.

   She must 2) also be relieved **immediately** from any 'Code Green' responsibility, so as not to put any patient at risk because of her

inability to respond quickly or reliably by foot in the present circumstances. This will be true even if moved to the outpatient clinic, due to her physical instability in walking and her present disc injury.

Since the disabilities described and restrictions directed by her doctor were known to her **medical** supervisors, when they failed to provide proper 'reasonable accommodation' as described in exhibit 'A', their acts were discriminatory violations of the law, and not just a matter of 'bad management'.

There appears to be need for further reasonable accommodation in this matter in addition to the matters discussed above. There also appears to be a need to withdraw the transfer from Jamaica Plain as an alternative.

Please have Ms. Enica's EEO counselor respond to me as soon as possible in accordance with Department regulations.

Very truly yours,

Sanford A. Kowal

cc.
Mr. William Warfield, Human Resources
Client
Encl.